In the Matter of SEATRAIN LINES, INC., et al., Debtor-in-Possession.

AMERICAN PETROFINA, INCORPORATED, Plaintiff,

v.

SEATRAIN LINES, INC., Tenafly Holdings, Inc., East River Steamship Corporation, Kingsway Tankers, Inc., Richmond Tankers, Inc., Queensway Tankers, Inc., Tenafly VLCC Holdings, Inc., Stephen Russell, and Albert Guetta, Defendants.

Bankruptcy No. 81–0209.

United States Bankruptcy Court, D. New Jersey.

June 16, 1981.

---

**2.** Accord, *In re King Memorial Hosp. Inc.*, 4 B.R. 704 (Bkrtcy.S.D.Fla., 1980).

Riker, Danzig, Scherer & Hyland by Dennis J. O'Grady, Newark, N. J. and Wilmer, Cutler & Pickering by Howard P. Willens, Stephen W. Kidder, Stephen Hirt, Washington, D. C., for plaintiff.

Thomas E. Durkin, Jr., Newark, N. J. and Williams & Connolly by John W. Vardaman, Jr., Kevin T. Baine, Washington, D. C., for defendants.

Stroock & Stroock & Lavan by Jack Gross, Alan Green, Prudence B. Abram, New York City, for debtor.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

The Court considers two motions, that of the above plaintiff American Petrofina, Incorporated (Petrofina), seeking a remand of the above proceeding to the District Court for the District of New Jersey, the other the motion of the defendant Seatrain Lines, Inc. (Seatrain), seeking a transfer of the above proceedings to the Bankruptcy Court for the Southern District of New York. There follows the immediate procedural history essential to these considerations.

On December 9, 1980, American Petrofina filed a complaint in the United States District Court for the District of New Jersey, naming as defendants Seatrain Lines, Inc. and eight other corporate and individual defendants. In its complaint Petrofina alleges, *inter alia*, antitrust and contractual violations against the named defendants.

On March 6, 1981, upon application of defendant Seatrain to the United States District Court for the District of New Jersey, the above proceeding was, pursuant to 28 U.S.C. § 1478[a], removed to this Court.

On March 20, 1981, Seatrain filed its motion for change of venue pursuant to 28 U.S.C. § 1475, specifically seeking a transfer of the above entitled proceeding to the Bankruptcy Court for the Southern District of New York.

On April 3, 1981, plaintiff Petrofina filed its motion to remand the above proceeding to the District Court for the District of New Jersey, similarly pursuant to 28 U.S.C. § 1478[b].

Factually, it appears that Seatrain is a debtor in possession in an involuntary Chapter 11 proceeding now pending before Judge Edward Ryan in the Bankruptcy Court for the Southern District of New York. Pending in those proceedings is a

civil action commenced by Petrofina prior to the commencement of the instant suit entitled *American Petrofina, Inc. v. East River Steamship Corp., General Electric Credit Corp. and Seatrain Lines, Inc.*, No. 79–6692. The factual background of that litigation coincides in part with that of the instant controversy.

Petrofina offers two equitable grounds in support of its requested remand. Specifically, counsel contends that notwithstanding the expanded jurisdiction of the bankruptcy court, a matter such as this, involving as it does extremely complex antitrust considerations, should be left to a court possessing particular expertise in that area. Counsel suggests that such course of action is clearly within the contemplation of the provision of 28 U.S.C. § 1471[d], permitting the bankruptcy court to abstain from hearing a particular proceeding under Title 11 or arising in, or related to a case under Title 11. Avoidance of bifurcated litigation is the second equitable ground advanced in support of remand, which Petrofina contends will occur because of the Court's lack of jurisdiction over the subject matter of Count 5 of the complaint.

Addressing Count 5 of the instant complaint, the allegations therein are directed not against Seatrain, but against East River Steamship Corp. (East River) and Kingsway Tankers, Inc. (Kingsway), each alleged to have breached their respective contracts with plaintiff Petrofina. In considering the jurisdictional challenge relating to Count 5, this Court briefly probes the nature of the relationship between Seatrain and the two corporate defendants named in the fifth count and their relationship with the plaintiff.

East River and Kingsway had bareboat charters for two vessels, the Brooklyn and the Williamsburgh, respectively, each built by a subsidiary of Seatrain. The vessels were, in turn, time-chartered by East River and Kingsway to Petrofina. Seatrain has guaranteed East River's obligations under the bareboat charter of the Brooklyn and has guaranteed Kingsway's obligations under the bareboat charter of the Williams-

burgh. Except for their respective rights under the bareboat charters and the time charters of the aforenoted vessels, neither company has any assets or potential earning capacity. At present neither company is conducting any business operations. East River has a working capital deficiency of 10 million dollars and a deficit net worth of 17 million dollars. Kingsway has a working capital deficiency of 12 million dollars and a deficit net worth of 16 million dollars.

Because of the foregoing, compounded by the provisions of their agreements with Seatrain restricting each from engaging in other businesses, the likelihood of either resuming business operations is extremely remote. Because of Seatrain's guarantee of obligations contracted between East River, Kingsway and Petrofina, Seatrain will be liable to pay any judgments obtained by Petrofina against either company.

We begin by noting that the jurisdiction of the bankruptcy court under 28 U.S.C. § 1471 has been given an expansive interpretation in decisions under the Code. *See Hurt v. Cypress Bank*, 9 B.R. 749, 4 C.B. C.2d 26, 29 (Bkrtcy N.D. Ga.1981).

Section 1471, granting extensive jurisdiction of matters connected with cases under Title 11 to federal district courts, provides that such jurisdiction shall be exercised by the federal bankruptcy courts. 28 U.S.C. § 1471[b], [c]; *In re Clawson Medical, Rehabilitation and Pain Care Center*, 9 B.R. 644, 4 C.B.C.2d 73, 77 (Bkrtcy E.D.Mich. 1981). Noteworthily,

the original jurisdiction of the district courts granted by section 1471[b] is vested 'notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts' .... This provision is in accordance with the intent of Congress to bring all litigation within the umbrella of the bankruptcy court, irrespective of congressional statements to the contrary in the context of certain specialized litigation.

1 Collier on Bankruptcy 3–39 to 3–40 (15th ed. 1980) (construing 28 U.S.C. § 1471[b]).

Under 28 U.S.C. § 1471, the bankruptcy court has jurisdiction over all civil proceed-

ings arising under or related to cases under the Bankruptcy Code. *In re Clawson, supra,* 9 B.R. 644, 4 C.B.C.2d at 77; *In re Colegrove,* 9 B.R. 337, 3 C.B.C.2d 839, 842 (Bkrtcy N.D. Cal.1981). As stated in Collier:

> The jurisdiction of the Bankruptcy Court has been transmuted from one which was basically *in rem* to one which is all-encompassing, limited only by whether the civil proceeding arises under, arises in, or is related to, the title 11 case.

1 Collier on Bankruptcy 3–49 (15th ed. 1980) (construing 28 U.S.C. § 1471[c]).

■ Mindful of the expansive interpretation given the jurisdiction of the bankruptcy court under the Code, and the effect of the instant litigation on Seatrain's prospects for rehabilitation, this Court has no difficulty in concluding that the bankruptcy court is vested with jurisdiction over all the claims recited in Petrofina's complaint. Since the contractual breaches alleged in Count 5 are alleged in Count 6 to be tortiously induced by Seatrain and Seatrain's former president, the interrelationship between Count 5 and Count 6, over which the bankruptcy court's jurisdiction is undisputed, clearly brings Count 5 within the jurisdiction of this Court.

The Court finds totally unpersuasive the arguments advanced in favor of remand. That the issues raised may involve extensive fact-finding and are allegedly numerous and complex offers little support for remand. Neither under the Bankruptcy Act of 1898, nor under the Code have bankruptcy courts ever been regarded as specialty courts. Certainly, the expansive jurisdiction granted to the bankruptcy court by the provisions of the Code clearly answers any questions as to the nature of the court. This is so notwithstanding the Code's purported modernization of federal bankruptcy law. The bankruptcy judge must apply to the many diverse and frequently complex fact patterns that arise in the typical bankruptcy case, general federal law, as well as bankruptcy law.

> The variety of legal issues encountered is almost endless. [Bankruptcy] requires application of the broadest spectrum of other laws governing, for example, taxes, torts, negotiable instruments, contracts, spendthrift and other trusts, mortgages, conveyances, landlord and tenant relationships, partnerships, mining, oil and gas extraction, domestic relations, labor relations, insurance, Securities and Exchange Commission statutes, regulations and decisional law.... The issues resolved at the trial level in the bankruptcy court system are myriad. With the proposed expansion of jurisdiction granted under H.R. 8200 the scope of issues will surely grow.

H.Rep.No.95–595, 95th Cong., 1st Sess. 10, *reprinted in* [1978] U.S.Code Cong. & Ad. News 5787, 5963, 5971–72.

We turn to 28 U.S.C. § 1475, which provides:

> A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

■ A change of venue appears clearly to be the indicated course of action under the circumstances here. Seatrain's Chapter 11 proceeding, as well as another lawsuit instituted by Petrofina, referenced above, related to the instant action, are presently pending before the Bankruptcy Court for the Southern District of New York. Considerations of economy, efficiency and speed underlying the Bankruptcy Code, as well as the obvious convenience of having a court familiar with the entire record, past and present, adjudicate the matter, militate cogently for transfer.

We turn now to the constitutional issue raised by Petrofina and its contention that the allegedly questionable constitutionality of the grant of jurisdictional power in 28 U.S.C. § 1471 to bankruptcy judges, similarly militates in favor of remand. Indeed, a recent order issued by Judge Miles W. Lord of the United States District Court for the District of Minnesota specifically states that the § 1471 delegation of authority to bankruptcy judges is unconstitutional as

**544**

conferring on Article I courts powers reserved under the Constitution to Article III judges. *Marathon Pipeline Co. v. Northern Pipeline Constr. Co.*, 12 B.R. 946 (1981) (*mem.*).

This Court, mindful that Congress enacted the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598 pursuant to Art. 1, Sec. 8, cl. 4 of the Constitution after considering and rejecting an earlier Congressional House proposal to establish the bankruptcy courts as Article III courts, recognizes that a long-standing "strong presumption" of constitutionality attaches to every Act of Congress, all the more when, as here, the Act in question violates no specific prohibition of the Constitution. *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976); *United States v. Five Gambling Devices*, 346 U.S. 441, 74 S.Ct. 190, 98 L.Ed. 179 (1953); *United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1947); *Ex Parte Mitsuye Endo*, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243 (1944); *Willcuts v. Bunn*, 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304 (1931).

As noted, Congress deliberated the precise point in question here, and determined that it would not create a new tier of Article III bankruptcy courts, but that under the new bankruptcy court structure scheduled to go into effect on April 1, 1984, such courts would continue to function pursuant to Article I, Sec. 8, cl. 4. Under these circumstances, "the force of the presumption is at its maximum," *United States v. Five Gambling Devices, supra.* This Court is not persuaded to conclude that a clear demonstration has been made in the present situation sufficient to override that presumption.

The Court further notes that the Minnesota District Court ruling to the contrary, referenced above, is not *stare decisis*, thus not binding on this Court; further, that even in the District of Minnesota, the effect of Judge Lord's Order has been stayed pending appeal.

Defendant Seatrain's motion to change venue is granted. Plaintiff Petrofina's motion to remand is denied. Submit an Order in accordance therewith.