In re Anthony GRECO, fdba Rene's Gracious Dining, fdba Rene's Restaurant, Inc., fdba Rene's, Debtor.

Eitaro KISHI, Toshie Kishi, Kazuo Kishi, and Margaret Toshie Kishi, Plaintiffs,

v.

Anthony GRECO and Rene Greco, Defendants.

Bankruptcy No. 79–0003.

United States Bankruptcy Court, D. Hawaii.

Dec. 28, 1979.

Matthew Yingling and James Sattler, Honolulu, Hawaii, for debtor.

William F. Crockett, Wailuku, Maui, Hawaii, for plaintiff.

ORDER: RE APPLICATION FOR REMOVAL

JON J. CHINEN, Bankruptcy Judge.

There are two issues before this Court:

(1) Is Sec. 1478 of the Bankruptcy Reform Act of 1978 effective as of October 1, 1979?

(2) If said Sec. 1478 is effective as of October 1, 1979, should the Bankruptcy Court accept jurisdiction of the case now pending in the Second Circuit Court, State of Hawaii?

A hearing was held on both issues on December 20, 1979. Based upon the arguments of counsel, the memoranda and the records filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

On October 18, 1978, Eitaro Kishi, Toshie Kishi, Kazuo Kishi and Margaret Toshie

Kishi, hereafter "Plaintiffs", filed a Complaint for Summary Possession in the District Court of the Second Circuit, State of Hawaii, against Anthony Greco and Rene Greco, hereinafter "Defendants".

On January 4, 1979, Defendants filed a Petition For Removal in the United States District Court. Following a hearing on April 6, 1979, an Order Remanding Action to State Court was filed on April 19, 1979.

Thereafter, the Defendants filed an Answer to Complaint, Counterclaim and Demand for Jury Trial. There was a Reply to Counterclaim filed by the Plaintiffs.

Based upon the Demand for Jury Trial, the cause of action was removed to the Second Circuit Court, State of Hawaii. The action was set for trial on November 19, 1979. However, Anthony Greco, hereafter "Mr. Greco", one of the Defendants, filed his Petition for Relief in the Bankruptcy Court on November 18, 1979, thereby staying the State Court action against himself and his estate.

On December 11, 1979, Mr. Greco filed a Debtor's Verified Application For Removal. On December 17, 1979, the Plaintiffs filed a Motion To Dismiss Debtor's Application For Removal, thereby raising the two issues above set forth.

## CONCLUSIONS OF LAW

A. Is Section 1478 of the Bankruptcy Reform Act of 1978 effective as of October 1, 1979?

1. Section 405(b) of the Bankruptcy Reform Act of 1978 reads as follows:

(b) During the transition period, the amendments made by sections 241, 243, 250, and 252 of this Act shall apply to . . . the United States bankruptcy courts established under section 201 of this Act.

2. Section 241(a) of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, amended 28 U.S.C. by adding a new chapter 90, section 1478 of which reads as follows:

§ 1478. Removal to the Bankruptcy Courts.

(a) A party may remove any claim or cause of action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

3. And Rule 7004(c) of the Interim Bankruptcy Rules which have been adopted by this Court provides that the filing of a copy of the application for removal in the Court from which the action was removed "shall effect the removal and the parties shall proceed no further in that court unless and until the case is remanded."

4. Based on the foregoing, the Court finds Section 1478 to be effective during the transition period from October 1, 1979 to April 1, 1984, and that the State action may be removed to the Bankruptcy Court.

B. If said Sec. 1478 is effective as of October 1, 1979, should the Bankruptcy Court accept jurisdiction of the case now pending in the Second Circuit Court, State of Hawaii?

1. Sec. 1478(b) provides that the Bankruptcy Court may remand such cause of action on any equitable ground.

2. The facts herein show that the cause of action was ready for trial, when the Debtor filed his Petition For Relief in the Bankruptcy Court. Said petition automatically stayed any action against the Debtor, but it did not stay any action against Rene Greco, the other Defendant in the State action.

3. By this Application For Removal, Debtor is in effect trying to stay the State Court action not only against himself but

also against Rene Greco, his former wife. This, the Court finds inequitable.

4. Since only the Debtor has filed for relief with the Bankruptcy Court, creditors of Rene Greco have the right to proceed against her and her property. The automatic stay activated by the petition of Debtor in the Bankruptcy Court does not apply to Rene Greco or her property.

5. For the foregoing reason, this Bankruptcy Court remands this cause of action to the Second Circuit Court; provided, however, that the automatic stay activated by the Petition for Relief filed by Debtor is still in effect.

An Order will be filed upon presentation.