In re Richard Samuel CALABRIA et ux., Debtors.

FAMILY SAVINGS & LOAN ASSOCIATION, Plaintiff,

v.

Richard S. CALABRIA et al., Defendants.

Bankruptcy No. 5–79–00869.

United States Bankruptcy Court, D. Connecticut.

June 3, 1980.

Gary P. Sklaver, New Haven, Conn., for plaintiff.

Francis X. Dineen, New Haven, Conn., for defendants.

### ORDER ON DEFENDANT'S APPLICATION FOR REMOVAL

R. E. TREVETHAN, Bankruptcy Judge.

The defendants filed an application, as amended, that this action brought by the plaintiff to the Superior Court for the Judicial District of New Haven to foreclose a mortgage on property of the defendants be removed to this Bankruptcy Court. Duly noticed hearing was held on the application at which the parties were represented by counsel.

In the memorandum which counsel for the defendant Richard S. Calabria filed with this court he stated that the debtor "is primarily concerned that his substantive rights under the Bankruptcy Code, i. e., his rights to his exemption and to the avoidance of judicial liens, be protected in the bankruptcy court; he has no particular interest in having the strictly state law aspects of the foreclosure case carried out in the bankruptcy". He stated, however, that "it does appear that the various provisions of the Bankruptcy Reform Act compel the bankruptcy court to retain this foreclosure case".

A party may remove any claim or cause of action in a civil action, with certain exceptions, to the Bankruptcy Court for the District where such civil action is pending if the Bankruptcy Courts "have jurisdiction over such claim or cause of action". Chap. 90 sec. 1478(a) of Bankruptcy Reform Act (BRA). Bankruptcy Courts have original but not exclusive jurisdiction of civil proceedings arising in or related to cases under Title 11. BRA Chap. 90 sec. 1471. The Bankruptcy Court to which a claim or cause of action is removed may remand such claim or cause of action on any equitable ground. BRA Chap. 90 sec. 1478(b).

It is provided by BRA Chap. 90 sec. 1471(e) that the Bankruptcy Court in which a case under Title 11 is commenced shall have exclusive jurisdiction of all of the property of the debtor as of the commencement of such case. But this does not mean that, if an action to foreclose a mortgage on property of a debtor is removed to the Bankruptcy Court, the court is powerless to remand it to the state court in which the action was commenced. This is demonstrated by BRA Chap. 90 sec. 1478(b) and by the provisions of 11 U.S.C. sec. 362 relative to automatic stay.

Section 1478(b) does not exclude an action involving property of a debtor from the power to remand. It broadly provides that the Bankruptcy Court to which a claim or cause of action is removed may remand it on any equitable ground. It is not limited to cases over which the Bankruptcy Court does not have exclusive jurisdiction (BRA Chap. 90 sec. 1471(a)) to the exclusion of cases over which exclusive jurisdiction exists.

Title 11 U.S.C. sec. 362(a)(5) provides that a petition filed to commence a case under

Title 11 operates as a stay of any act to create, perfect or enforce against property of the debtor any lien which secured a pre-petition claim. However, the stay can be terminated by the Bankruptcy Court under certain circumstances, and even is terminated under a certain temporal condition, to permit an action to enforce a lien to proceed in the court in which it is pending. 11 U.S.C. sec. 362(d) and (e). Thus, the exclusive jurisdiction which this court has over the property of a debtor constitutes no limitation upon its authority to permit an action to enforce a lien on the property to continue in a state court.

■ Equitable grounds which would warrant remand of a removed case, under BRA Chap. 90 sec. 1478(b), include (1) forum non conveniens and (2) a holding that a state court is better able to respond to a suit involving questions of state law. 1 *Collier On Bankruptcy*, 15th ed., par. 3.01, p. 3–74. This court is quite convinced that the state court is far more able to conduct the action to foreclose the mortgage under the provisions of controlling state law than is this Bankruptcy Court. Thus, the interests of the litigants and the ends of justice dictate that the basic action to foreclose the mortgage be remanded to the state court.

However, the rights of the defendants to exemptions of property and avoidance of judicial liens on exempt property are governed by bankruptcy law and, accordingly, it is appropriate, is in the interests of equity and justice, and is for the benefit of the litigants in the foreclosure action that the Bankruptcy Court exercise jurisdiction to determine the property exemption of the defendants and the existence of any judicial liens thereon. This then brings us to consider whether this court has authority so to sever a removed action as to remand to the state court the issues controlled by state law and to retain and adjudicate those issues which fall within the framework of bankruptcy law. The answer to this inquiry may be found by considering if initially only the issues within the ambit of bankruptcy law could have been removed to the Bankruptcy Court with those governed by state law left with the state court for its determination.

It is said that if a plaintiff sues to enforce two or more distinct rights, he has as many causes of action and, although he joins the various defendants in a single suit because of the existence of a common question of law or fact, the plaintiff's claims or causes of action are separate and independent for removal purposes. 1 *Collier On Bankruptcy*, 15th ed., par. 3.01, pp. 3–68 and 3–69. On foreclosure of mortgage the mortgagee's right to terminate the mortgagor's ownership of the property by court action based on the content of the mortgage deed is quite a separate and independent cause of action from the mortgagee's right to terminate the interests of others in the real estate which are based on the encumbrances which they hold and which are junior to that of the mortgagee. On the other side of the coin, any claims the mortgagor might have against the mortgagee in defense of the action to obtain the property would be quite separate and distinct from the rights the mortgagee would have under 11 U.S.C. sec. 522(f) to avoid judicial liens on the property to preserve his exemption under bankruptcy law in the real estate.

■ It is the view of this court that the defendants could have removed to the Bankruptcy Court their claims or rights to avoid the judicial liens to the extent that they impaired their exemptions, leaving the basic foreclosure action in the state court, subject to the jurisdiction of that court and limited only by what the Bankruptcy Court might determine as to the priorities between the defendants and the judicial lienors. Similarly, it is concluded that this court can remand to the state court the basic action to foreclose the mortgage except for that portion of it which will involve proceedings under 11 U.S.C. sec. 522 to determine the bankrupt's exemption in the real estate and the avoidance of any judicial liens upon it.

Accordingly, it is

ORDERED that this action of the plaintiff to foreclose a real estate mortgage is remanded to the Superior Court for the

Judicial District of New Haven, Connecticut, except that there is reserved to and retained by this Bankruptcy Court jurisdiction to determine (a) the extent of the defendants' exemption in the real estate and (b) the avoidance of judicial liens thereon under the provisions of 11 U.S.C. sec. 522, such determination to have full force and effect in the foreclosure action in the Superior Court.