**In re T. Jack HURT, Plaintiff,**

v.

**CYPRESS BANK, Benjamin L. Hurt, Best Quality Supply Co., Inc., Best Quality Drywall & Building, Inc., and Atlantic National Bank of Broward, Defendants.**

**Bankruptcy No. 80–0430A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

March 5, 1981.

James Paul, Gambrell & Mobley, Atlanta, Ga., for plaintiff.

Robert D. McCallum, Jr., Alston, Miller & Gaines, Atlanta, Ga., and Robert C. Maley, Jr., Henry J. Kaim, Sheinfeld, Maley & Kay, Houston, Tex., for Cypress Bank.

## ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

On October 31, 1979, plaintiff T. Jack Hurt filed a complaint in the Superior Court of Cobb County, State of Georgia, against defendants Cypress Bank, Benjamin L. Hurt, Best Quality Supply Co., Inc. (hereinafter "Supply Co."), Best Quality Drywall & Building, Inc. (hereinafter "Drywall"), and Atlantic National Bank of Broward (hereinafter "Atlantic Bank"). The complaint alleges that on or about May, 1978, defendant Benjamin L. Hurt and defendant Cypress Bank intentionally entered into a fraudulent conspiracy to induce plaintiff T. Jack Hurt to contribute time, money, assets and credit to Drywall and Supply Co. The complaint seeks monetary damages in excess of $50,000, as well as punitive damages in the amount of not less than $50,000 against defendants Benjamin L. Hurt and Cypress Bank, plus attorneys' fees in the amount of $25,000. The complaint further asks that the Court appoint a receiver to take charge of the books, records, and assets of defendants Drywall and Supply Co.; that the Court authorize the receiver to operate the two businesses and report to the Court concerning these operations; and, further, that the Court temporarily restrain all creditors, specifically including Cypress Bank and Atlantic Bank, from withholding any property, funds, money, or other assets of Drywall or Supply Co., from seizing any property or assets of these two businesses, from sending any notice to account debtors, or from commencing any action concerning claims against the assets of these two businesses. The complaint also requests that defendant Benjamin L. Hurt be restrained from withholding or seizing any property, funds or assets of the two businesses, and that a purported sale of stock to plaintiff T. Jack Hurt in Drywall and Supply Co. be rescinded and declared null and void. Finally, the complaint seeks a declaratory judgment concerning the liability of Cypress Bank to Atlantic Bank regarding certain checks on which Cypress Bank allegedly failed to give notice of dishonor by the midnight deadline, and also asks for a declaration that the claims of Cypress Bank to the assets of defendants Drywall and Supply Co. are subordinate to the claims, if any, of Atlantic Bank against these corporations.

On October 30, 1979, the Honorable Howell Ravan, Judge, Superior Court of Cobb County, Georgia, appointed a receiver to take possession of and operate Drywall and Supply Co., and he also entered at that time a temporary restraining order against the other parties defendant, restraining them from withholding or seizing any property, funds, monies or other assets of the two businesses. A hearing was set for the parties to show cause why a preliminary injunction should not be granted.

The time within which all defendants could move, answer, claim or otherwise plead in response to the filing of the complaint, the temporary restraining order and the receivership was extended until January 3, 1980. On January 3, 1980, defendant Cypress Bank filed its answer and counterclaim.

On January 15, 1980, an order was entered converting the temporary restraining order to an interlocutory injunction and continuing the receiver in office. Cypress Bank attempted to appeal this Order to the Georgia Supreme Court. That appeal was dismissed for failure to timely file a transcript, and Cypress Bank has appealed that dismissal.

On April 18, 1980, an order for relief under Chapter 11 of the Bankruptcy Code was entered against Drywall by the Honorable E. H. Patton, Jr., United States Bankruptcy Judge for the Southern District of Texas, Houston Division.

On May 16, 1980, defendant Cypress Bank filed an application and notice to remove this litigation to the Bankruptcy Court pursuant to 28 U.S.C. § 1478. On June 27, 1980, defendant Cypress Bank filed a motion in this Court to transfer this adversary proceeding to the Bankruptcy Court for the Southern District of Texas, Houston Division pursuant to Rule 782, Rules of Bankruptcy Procedure and 28 U.S.C. § 1475. Also, on June 27, 1980, plaintiff T. Jack Hurt filed a notice of dismissal without prejudice as to defendant Drywall only.

On July 16, 1980, the plaintiff T. Jack Hurt filed in this Court a motion to dismiss for lack of jurisdiction, motion to remand, and a response in opposition to defendant Cypress Bank's motion to transfer. On July 31, 1980, defendant Cypress Bank filed a response to the plaintiff's motion.

■ The case is now before the Court on these motions. The first issue presented by these motions under consideration is whether the Court has subject matter jurisdiction over the action. If such jurisdiction is not present, then the removal of this action was improvident, see 28 U.S.C. § 1478, and any order entered by this Court concerning the merits of the action would be subject to direct, if not collateral, attack. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

■ Defendant Cypress Bank contends that this Court does have subject matter jurisdiction over this action because the action is a civil proceeding "related to" a case under title 11. 28 U.S.C. § 1471(a). Plaintiff T. Jack Hurt denies that this action is "related to" the Drywall reorganization case. In order to decide which of these positions is correct, the proper approach is for the Court to determine the applicable law, analyze the material facts, and apply the law to the facts. The determination of the applicable law requires the development of standards for deciding in which circumstances a civil proceeding is "related to" a case under title 11 within the meaning of 28 U.S.C. § 1471(b). These standards have not been fully developed in the short time since the effective date[1] of the Bankruptcy Reform Act of 1978, which statute created this jurisdiction.[2]

However, the reported cases have given an expansive interpretation to the Court's jurisdiction. For example, in *In re Brothers Coal Company, Inc.*, 6 BCD 1066, 6 B.R. 567 (Bkrtcy.B.C.W.D.Va.1980), the Court held that a suit brought against a debtor's principal to enforce a guarantee of the debtor corporation's indebtedness was "related to" the debtor's reorganization proceeding. In *In re Lucasa International, Ltd.*, 6 BCD 1172, 6 B.R. 717 (Bkrtcy.B.C.S.D.N.Y.1980), the Court found that in a trustee's action to collect a debt that the Court also had jurisdiction over the third-party action against the defendant's guarantor.

■ At both the time that this action was filed and at the time the action was removed, the debtor, Drywall, was a defendant.[3] Moreover, the complaint[4] de-

---

1. October 1, 1979, Title IV of the Bankruptcy Reform Act of 1978, §§ 402(a), 405(b), Pub.L. 95-598.

2. "Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1471(b). Neither party contends that this action is one either "arising under title 11" or "arising in ... [a case] under title 11."

3. "Removability of an action is to be determined as of the time the removal petition is filed *and* as of the time of the commencement of the state action (or, in the event of amendment of the plaintiff's initial pleading or other voluntary act which made the action removable)." 1A *Moore's Federal Practice* ¶ 0.157[2], p. 155 (2nd ed. 1979). [emphasis added].

4. Jurisdiction for purpose of removal must be apparent on the face of the complaint. *La Chemise Lacoste v. Alligator Company*, 506 F.2d 339 (3rd Cir. 1974) *cert. den.* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1974).

mands that a purported sale of the stock of Drywall be voided. It appears to be obvious that an action concerning the ownership of the debtor is necessarily "related to" the title 11 case of the debtor.

■ The attorneys for Cypress Bank set out three types of impact which a decision concerning the ownership of the stock might have upon the administration of the estate. First, a decision voiding the purported transfer might affect the conditions that must exist in order for the Court to find a plan to be fair and equitable with regard to equity security holders. See 11 U.S.C. § 1129(b)(2). Second, the determination of these issues might estop the parties and the Court from reviewing certain factual findings. Finally, the status of a claimant against and potential distributee of property of the estate may be altered by the decision in this matter. Therefore, the Court finds that proceedings to determine the ownership of a debtor are within the subject matter jurisdiction created by 28 U.S.C. § 1471(b) for purposes of removal pursuant to 28 U.S.C. § 1478(a).

■ The attorneys for T. Jack Hurt argue that the jurisdiction of this Court is destroyed by the purported dismissal of Drywall as a party defendant. Research reveals no reported cases concerning the effect a tactical dismissal of a party would have on the jurisdiction of the Bankruptcy Court over a removal action. However, there is a considerable body of law concerning the effect of tactical dismissals on "federal question" and "diversity" jurisdiction. The jurisdiction of the Bankruptcy Court is similar to federal question jurisdiction because it is based upon a certain relationship between the substantive merits of the litigation and a particular federal statute, i. e., Title 11 of the U. S. Code. The general rule concerning the effect of a tactical dismissal on federal question jurisdiction is that "plaintiff cannot precipitate a remand of the action by amending the complaint to eliminate the federal claim." *In re Greyhound Lines, Inc.*, 589 F.2d 883, 884 (5th Cir. 1979) [citations omitted]; see also *Murphy v. Kodz*, 351 F.2d 163 (9th Cir. 1965).

■ While the jurisdiction of this Court is similar to federal question jurisdiction, it is also similar to diversity jurisdiction, although it is not wholly analogous to either. The cases previously cited on the effect of tactical dismissals concerned the deletion of a cause of action rather than a party. The jurisdiction of the Bankruptcy Court can be based not only upon the relationship of the substantive merits of the litigation to the Bankruptcy Code but also upon the relationship of the action to a party, in this case, Drywall, the debtor.

■ T. Jack Hurt argues that the dismissal of Drywall is "a change in parties that goes to the very essence of the court's subject matter jurisdiction [and] may destroy it." Wright, Miller & Cooper, 14 *Federal Practice and Procedure* § 3723, p. 599 (1976); *In re Merrimack Mut. Fire Ins. Co.*, 587 F.2d 642 (5th Cir. 1978). Cypress Bank argues that even if Drywall is dismissed as a party, this Court retains jurisdiction because other elements of the complaint are "related to" Drywall's Chapter 11 case. First, Cypress Bank notes that the complaint filed in Cobb Superior Court sought the appointment of a receiver for Drywall and that such a receiver was appointed. While this is true, that issue is now moot since the receiver has turned over all assets of Drywall to the United States Bankruptcy Court for the Southern District of Texas. The turnover order of that court also mooted the demand for an injunction prohibiting the withholding of Drywall property from the receiver.

■ Second, Cypress Bank claims that the prayer to rescind the transfer of ownership of Drywall is an independent ground of jurisdiction. The Court agrees, as is stated below. This Court has jurisdiction over this matter because the litigation places in controversy the ownership of the debtor. While this is determinative of the issue of jurisdiction, the Court also notes that the request that the state court declare all claims of Cypress Bank to the assets of the debtor subordinate to claims of Atlantic Bank would give rise to jurisdiction over

this proceeding. Since this Court has jurisdiction over this civil proceeding regardless of the effect of the purported dismissal, the effect of the notice of dismissal need not be determined at this time.

Having found jurisdiction to be in this Court, questions remain as to whether the case is properly removed and, if so, whether this Court should exercise jurisdiction over it.

■ In determining whether the case is properly removed, the Court notes that only one of several defendants has petitioned for removal. Under 28 U.S.C. § 1441, ordinarily all defendants must join in a petition for removal. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants Local 349*, 427 F.2d 325 (5th Cir. 1970). However, that does not appear to be a requirement under § 1478(a). That section states, in part:

"*A party* may remove any claim or cause of action..." 28 U.S.C. § 1478(a) (eff. Oct. 1, 1979) [emphasis added].

This indicates that not only is the Court's jurisdiction broad, but that access to the Court via removal is extremely generous.

When the petition to remove this case was filed, Cypress Bank had pending an appeal to the Georgia Supreme Court concerning an objection by Cypress Bank to the exercise of jurisdiction over it under the Georgia Long-Arm Statute. Ga.Code § 24–113.1 *et seq.* The effect of the alleged jurisdictional defects on the removal of this case must now be determined. The Supreme Court has stated:

"that where a state court lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case. That is true even where the federal court would have jurisdiction if the suit were brought here." *Freeman v. Bee Machine Co.*, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943) [citations omitted].

■ In this case the question of whether the state court had jurisdiction over Cypress Bank, the party petitioning for removal, is pending before the Georgia Supreme Court. While this alleged jurisdictional infirmity does not prevent the removal of the case, it remains an infirmity which has been cured neither by waiver nor by judicial decision and, therefore, it is an important consideration in determining whether to retain the case.

■ The Court finds the case to be within its jurisdiction and to be removable. The question remains whether the jurisdiction should be exercised. In order to determine whether the Bankruptcy Court should exercise its new, expansive grant of jurisdiction in this case, it is necessary to look to the purposes of this grant of jurisdiction. Unlike "federal question" or "diversity" jurisdiction, the expanded jurisdiction of the Bankruptcy Court was not enacted as a procedural protection from the perceived insular attitude of state courts.[5] The jurisdiction of the Bankruptcy Courts was enacted for convenience and economy or, rather, to prevent the inconvenience and expense which formerly arose out of jurisdictional litigation. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 445 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. There is no implication in the legislative history that the expansion of jurisdiction was to create access to a forum which might give more even-handed treatment to some litigants or to a forum which might possess greater understanding of the type of issues presented by this case. One of the primary purposes of the grant of this broad jurisdiction is economy. While the length of the file in this proceeding is some evidence that the purpose of that grant was not entirely fulfilled, the underlying purpose remains, and that purpose is limited. Therefore, in light of the limited purpose underlying the Court's jurisdiction, concerns such as comity should weigh more heavily on a decision whether or not to retain a case pursuant to

---

5. See e. g., 1 *Moore's Federal Practice* ¶ 0.6–0.7, pp. 201–258–1 (2nd ed. 1980) generally concerning federal question jurisdiction; 1 *Moore's* *Federal Practice* ¶ 0.71[3], pp. 701.20–701.34 (2nd ed. 1980) "Reasons for Diversity Jurisdiction".

this jurisdiction than on a similar decision in a case in which jurisdiction may be based upon diversity or on a federal question.

In making this determination, it is necessary to note that abstention would not deprive a litigant of the procedural right to a more impartial or knowledgeable forum. It would, at worst, only deny access to a more economical forum. Retention, however, would impose significantly upon the jurisdiction of the courts of the State of Georgia. Currently, there is an appeal filed by Cypress Bank pending before the Supreme Court of Georgia. The removal of this action while that appeal remains pending has the effect of interrupting the appellate process of the Georgia judicial system. "It is not the function of removal under § 1478 to afford an alternative to a state court appeal." *In re Tidwell*, 2 CBC 2d 172, 174; 6 BCD 622, 623; 4 BR 100, 102 (Bkrtcy.B.C. N.D.Tex.1980).

Moreover, the Court does not find that any delay or expense to the estate will be engendered by proceeding with this case in the Superior Court of Cobb County. Nor does it find that failure to remove will significantly interfere with the administration of the Drywall Chapter 11 case. To the extent that issues involved in this civil action may impinge on the administration of the Chapter 11 case, those issues can be decided in an independent suit in the Bankruptcy Court for the Southern District of Texas. If the Georgia Supreme Court finds that the Superior Court of Cobb County did not have jurisdiction over Cypress Bank, the subordination issues would of necessity be tried elsewhere.

Therefore, IT IS HEREBY ORDERED AND ADJUDGED that this Court shall abstain from hearing this matter pursuant to 28 U.S.C. § 1471(d).

IT IS FURTHER ORDERED AND ADJUDGED that the action shall be and is remanded to the Superior Court of Cobb County, Georgia.