**In re TRINA-DEE, INC., Debtor.**

**Bankruptcy No. 81–00009T (11).**

United States Bankruptcy Court,
E. D. Pennsylvania.

Oct. 6, 1981.

David F. Dunn, Allentown, Pa., for debtor.

Mark S. Sigmon, Bethlehem, Pa., for defendant.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case presents for our decision issues concerning the removal and remand provisions of 28 U.S.C. § 1478 (1979).[1] For reasons hereinafter given, we conclude that this removed plenary suit shall not be remanded to the state court.[2]

In 1977, Trina Dee, Inc. [hereinafter, the debtor] purchased real estate located in Northampton County, Pa. At some point after the purchase, the debtor apparently discovered that the parcel was landlocked, that is, without access to roads and services except over land not owned by the debtor. Because of this alleged defect in the property, the debtor instituted a number of suits against various parties;[3] this case concerns a suit begun in the Court of Common Pleas for Northampton County against the debtor's former attorney, Leonard Cohn [hereinafter, Cohn], for breach of warranty and negligence amounting to legal malpractice. The complaint was served against

---

1. 28 U.S.C. § 1478 provides:

    (a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

    (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

2. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

3. The debtor has instituted two adversary proceedings relating to the identical transaction. Adversary No. 81–0242 is a suit against the sellers and their attorney, and claims damages for defects in the marketability of the title to the real estate. Adversary No. 81–0243 is a suit against the township, its supervisors, and the township engineer alleging abuse of office by the municipality and the officials.

Cohn in November, 1980, and alleged damages in excess of $300,000. Shortly thereafter, Cohn filed preliminary objections to the complaint.

On January 2, 1981, while a decision on defendant Cohn's preliminary objections was pending, the debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (1979). On May 27, 1981, the Northampton County Court, per Judge Van Antwerpen, sustained in part and dismissed in part defendant's preliminary objections, and ordered Cohn to answer the remaining counts of the complaint. On June 15, 1981, prior to the filing of the answer, the debtor filed with this court a petition for removal of the case to the Bankruptcy Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1478 (1979). On June 22, 1981, defendant Cohn filed an answer and new matter to that petition, in effect objecting to the removal of the remaining causes of action to this court. A hearing on the matter was held on July 29, 1981, at which time the parties agreed to treat the defendant's answer as an application to remand, pursuant to 28 U.S.C. § 1478(b) (1979). The defendant at that hearing stipulated that this court does have jurisdiction over this cause of action [Notes of Testimony at 14], as it is a matter "related to" a case arising under Title 11. *See*, 28 U.S.C. § 1471(b) (1979).

28 U.S.C. § 1478 is the statute which controls the removal to the bankruptcy court of claims or causes of actions in a civil action pending in another forum. That section provides that any party may remove the cause of action to the bankruptcy court if the bankruptcy court has jurisdiction over the cause of action. The bankruptcy court's jurisdiction extends to proceedings which "arise under", "arise in", or "relate to" a case commenced under Title 11 of the United States Code. 28 U.S.C.

§ 1471(b)(1979).[4] In this case, it has been stipulated that any remaining causes of action are "related to" the debtor's bankruptcy case, and we agree that any remaining claim for damages relating to the purchase of real property by the debtor, where that real property is the major asset of the debtor, is a related cause of action.

The defendant has, however, petitioned for the remand of the case to the state court pursuant to 28 U.S.C. § 1478(b). That section provides that the bankruptcy court may remand the claim or cause of action on any equitable ground. The defendant avers that the bankruptcy court was not intended by Congress to be a forum for legal malpractice cases, but should only hear "bankruptcy law-related cases" [Defendant's Brief at 7.] The defendant states that a jury trial of this case would "tie up" this court for months [*id.* at 8]; he also alleges that the state court proceeding would not interfere with the bankruptcy proceeding [*id.* at 8.]

Our review of the cases construing the relevant equitable considerations indicate that factors such as duplicative and uneconomical judicial efforts, lack of interference with the bankruptcy case, and the particular expertise of the court from which the case is removed are all legitimate concerns, and may constitute equitable grounds upon which remand may be based. We do not agree, however, that those equitable grounds exist in the instant case.

The fact that an extensive, time consuming trial of the merits *may* be required does not overly concern us. If our jurisdiction extends to such cases (and we conclude it does), we are prepared to consider them expeditiously. We will not deflect our jurisdiction over a particular proceeding because we recognize the possible lengthy duration of the proceeding. Further, there has been no showing that the state court

---

4. 28 U.S.C. § 1471 provides, in pertinent part:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

possesses any greater expertise than this court in this particular matter. Indeed, it was Congress' intent that our jurisdiction should be as broad as logically possible so that we might be able to expedite the entire bankruptcy proceeding without relying on other courts to rule on a claim that could drastically alter the administration of the case or the rehabilitation of the debtor. *See*, H.R.Rep.No. 95–595, 95th Cong. 1st Sess. 445–447 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. That consideration is particularly relevant here; if plaintiffs succeed in this matter, the debtor's estate could benefit greatly, with unknown effect upon the reorganization.

The cases dealing with this issue offer beneficial contrast. This is not a case like *Hurt v. Cypress Bank*, 9 B.R. 749, 4 C.B. C.2d 26 (Bkrtcy.N.D.Ga.1981), where our retention of the case would frustrate the state court appellate process. Nor is it like *In re Tidwell*, 4 B.R. 100, 2 C.B.C.2d 172 (Bkrtcy.N.D.Tex.1980), where the issue at hand had already been tried and decided in the state court. Neither does our retention of the case offend the notions of comity as in *In re Greco*, 3 B.R. 18 (Bkrtcy.D.Haw. 1979) or *Hurt, supra*. Nor is there prejudice to the involuntarily removed parties, as in *In re Emerald City Records, Inc.*, 9 B.R. 319, 3 C.B.C.2d 930 (Bkrtcy.N.D.Ga.1980) or *In re Greco, supra*. It has been stipulated that all possible parties to this action are residents of the district, so there can be no claim of forum non-conveniens, as in *In re Calabria*, 5 B.R. 73, 2 C.B.C.2d 113 (Bkrtcy. D.Conn.1980).

Therefore, we conclude, first, that this court does have jurisdiction over the cause of action in question; second, that the debtor properly removed this case to the bankruptcy court; third, that we find no equitable ground upon which to justify a remand to the state court. For all of the above reasons, the defendant's application to remand is denied.