In re COMTEK ELECTRONICS, INC., Debtor.

MIDLANTIC NATIONAL BANK/CITIZENS, Plaintiff,

v.

COMTEK ELECTRONICS, INC., and Margee Weiss, Defendants.

Bankruptcy No. 82 B 10979.

Adv. No. 82–5797–A T.P. # 70006.

United States Bankruptcy Court, S. D. New York.

Oct. 4, 1982.

**450**

Harwood, Lloyd, Ryan, Coyle & McBride, Hackensack, N. J., Otterbourg, Steindler, Houston & Rosen, New York City, for plaintiff.

Chester P. Salomon, New York City, for defendant.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

Plaintiff has moved for remand of a breach of contract action against a debtor and a non-debtor guarantor of promissory notes to New York state court pursuant to 28 U.S.C. § 1478(b), based upon equitable grounds or, alternatively, this Court's lack of subject matter jurisdiction. The plaintiff also opposes the continued injunction to proceed with a New Jersey state court cause of action which is based, in part, on the same breach of contract. This Court has considered all the documents presented, the arguments asserted at the hearings, and the applicable law. This Court grants plaintiff's motion to remand the action to the New York Supreme Court. Further, this Court lifts the injunction regarding the New Jersey action. Thus, plaintiff may pursue its cause of action against non-debtor defendants in state court. Finally, pursuant to representations of consent by plaintiff both in court and in its brief, this Court directs plaintiff to elect to prosecute its claims against non-debtor defendants in one forum or another while discontinuing without prejudice the action pending in the other forum.

*Background*

Plaintiff, Midlantic National Bank/Citizens ("Midlantic"), commenced an action against Comtek Electronics, Inc., ("Comtek"), and Margee Weiss in the Supreme Court of New York, County of New York, on May 20, 1982, ("New York action") by filing an *ex parte* order of attachment, and thereafter a summons and motion for summary judgment in lieu of complaint. Midlantic sought recovery of money damages in the amount of $269,024.19 together with interest, costs, and legal fees for breach of various promisory notes executed by Comtek and guaranteed by Miss Weiss. Shortly afterwards, Midlantic commenced an action against Comtek and Margee Weiss in the Superior Court of New Jersey by the filing of a verified complaint and the issuance of a summons dated May 27, 1982 ("New Jersey action"). Midlantic's cause of action was essentially the same as that in the New York action. However, by an amended complaint dated July 2, 1982, Midlantic raised an additional cause of action based on fraud and added another defendant, "John Doe". An order for discovery has been issued in the New Jersey action. Comtek filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*, on May 27, 1982, and is now operating as a debtor in possession of its business, the retail marketing and sale of home computers, electronic equipment, and accessorites. Margee Weiss is president of the debtor corporation. On

June 28, 1982, the defendants removed the New York action to this Court, pursuant to 28 U.S.C. § 1478(a) and Interim Bankruptcy Rule 7004, by filing a verified application for removal. The New Jersey action was not removed to this Court.

Upon application of Comtek, this Court temporarily enjoined the New Jersey action and after a hearing preliminarily enjoined Midlantic from proceeding with the New Jersey action.

Midlantic has moved, pursuant to 28 U.S.C. § 1478(b), the New York action to state court so that proceedings may go forward against the non-debtor guarantor. Midlantic has not sought a lifting of the automatic stay, 11 U.S.C. § 362; therefore, even if remand was granted, Midlantic could not proceed against the debtor in either the New York or the New Jersey action. Midlantic argues that equitable considerations dictate remand. Alternatively, Midlantic argues that this Court lacks jurisdiction over this breach of contract, state law action in light of the Supreme Court's decision in *Northern Pipeline Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Finally, Midlantic has urged this Court to lift the injunction on the prosecution of the New Jersey action.

*Issues*

This Court confronts two issues: (1) is remand of the New York action appropriate; and, (2) should the preliminary injunction against Midlantic enjoining the New Jersey action be lifted?

*Remand*

■ Section 1478(b) of title 28 of the United States Code, regarding remand in bankruptcy proceedings, provides:

The court in which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action or a decision not so remanding, is not reviewable by appeal or otherwise.

28 U.S.C. § 1478(b). Without considering any jurisdictional question, this Court may remand the New York action on "any equitable ground". Several equitable grounds in this case permit remand.

Debtor's removal of an action which, in effect, stays a state court action not only against itself but against a non-debtor co-defendant is inequitable. *In re Greco,* 3 B.R. 18, 20–1 (Bkrtcy.D.Haw.1979). A bankruptcy court's concern is with the debtor's assets. If a creditor can recover on its debts from some other source than the debtor's assets, the Bankruptcy Court usually will not prevent such efforts. *See In re Bellucci,* 9 B.R. 887 (Bkrtcy.D.Mass.1981). Margee Weiss, a co-defendant in the New York action, is not a debtor before this Court. If Midlantic aims to satisfy its claim on the promissory notes by seeking to enforce Miss Weiss' guarantee, this Court will not prevent such action against Miss Weiss, a non-debtor, and will permit remand of the action to New York state court.

Determination of the liability of a guarantor is a state law action and a state court is "better able to respond" to a suit involving state law. *In re Calabria,* 5 B.R. 73 (Bkrtcy.D.Conn.1980); *see* 1 *Collier on Bankruptcy* ¶ 3.01 p. 3–80 (15th ed. 1982). Again, remand is appropriate.

■ Conservation of juridical resources, avoidance of multiplicity of actions, and considerations of comity are grounds for remand. *See In re U. S. Air Duct Corp.,* 8 B.R. 848, 854 (Bkrtcy.N.D.N.Y.1981). Midlantic had already instituted its suit in New York state court when the action was removed. This Court will permit Midlantic to pursue its remedies against Margee Weiss in the state court, where proceedings had already been instituted.

Having determined that equitable grounds for remand exist, this Court need not reach the jurisdictional issues raised by Midlantic and posed by the Supreme Court's decision in *Marathon Pipeline, supra.*

*Injunction*

■ This Court has preliminarily enjoined Midlantic from proceeding in the New Jersey state court. Essentially, this

452

Court has enjoined litigation against a guarantor who may be liable on the debts of the debtor. Such injunctions rarely issue and this Court will not maintain the injunction in this case. *See* 2 *Collier on Bankruptcy* ¶ 362.04, p. 362–28–29 (15th ed. 1982); *In re Larmar Estates, Inc.,* 5 B.R. 328 (Bkrtcy.E.D.N.Y.1980); *In re Cloud Nine, Ltd.,* 3 B.R. 202 (Bkrtcy.D.N.M.1980).

Finally, this Court directs Midlantic to elect its forum, New Jersey or New York, in which to prosecute its claim against non-debtor defendants and discontinue without prejudice the action pending in the forum not chosen. Midlantic has previously indicated in court and in its Reply Memorandum of Law, (p.6) its consent to such an election.

It is so ordered.