**In re TRINA–DEE, INC., Debtors.**

**TRINA–DEE, INC., Plaintiff,**

**v.**

**Leonard M. COHN, Defendant, and Third Party Plaintiff,**

**and**

**Donald Markley and Margaret Markley, husband and wife, Preston Moritz, Esquire, Township of Plainfield, and Richard T. Rutt, Third Party Defendants.**

**Bankruptcy No. 81–00009.**

**Adv. No. 81–1246.**

United States Bankruptcy Court, E.D. Pennsylvania.

June 16, 1983.

Mark S. Sigmon, Bethlehem, Pa., for defendant Cohn.

Benjamin E. Zuckerman, Norristown, Pa., for Plainfield Tp.

Raymond J. DeRaymond, Easton, Pa., for Richard T. Rutt.

David F. Dunn, Allentown, Pa., for debtor.

E. Jerome Brose, Easton, Pa., for Donald and Margaret Markley and Preston Moritz.

MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, presently before the Court is defendant Leonard M. Cohn's motion for reconsideration of his application to remand this proceeding to the Court of Common Pleas of Northampton

County, Pennsylvania. For reasons hereinafter given, we shall deny his motion.[1]

This proceeding concerns a pre-petition legal malpractice action brought by the debtor against the debtor's former attorney, Leonard M. Cohn, in the Court of Common Pleas of Northampton County, Pennsylvania. Subsequently, on January 2, 1981, the debtor filed a voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Code and filed a petition for removal of the legal malpractice action from the Common Pleas Court to our Court pursuant to 28 U.S.C. § 1478(a). Defendant Cohn filed an answer to the petition for removal. The parties then agreed to treat the defendant's answer as an application to remand to the Common Pleas Court pursuant to 28 U.S.C. § 1478(b).

On October 6, 1981, after full consideration of the matter, we issued an Opinion and Order by which we denied the defendant's application to remand based upon our findings that we had jurisdiction over the cause of action in question, that the debtor had properly removed the action to our court, and that there was no equitable ground upon which to justify a remand to the Common Pleas Court. 14 B.R. 482 (Bkrtcy.1981).

On July 13, 1982, defendant Cohn filed the instant motion for reconsideration of our Opinion and Order of October 6, 1981. The motion for reconsideration is based solely upon the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Defendant Cohn alleges that *Northern Pipeline* has deprived bankruptcy courts of the power to hear actions arising solely under state law such as the present legal malpractice action. However, the Supreme Court specifically held in *Northern Pipeline* that its decision shall apply only prospectively. 102 S.Ct. at 2880, 2882. The *Northern Pipeline* decision was issued on June 28, 1982 and the judgment was stayed until December 24, 1982. Thus, the *Northern Pipeline* decision cannot provide a basis for our reconsidering and rescinding our Opinion and Order of October 6, 1981, as requested by defendant Cohn. In this regard, see *United States v. Security Industrial Bank,* —— U.S. ——, —— n. 5, 103 S.Ct. 407, 410 n. 5, 74 L.Ed.2d 235, 240 n. 5 (November 30, 1982), wherein the Supreme Court stated that "[b]ecause our decision in *Northern Pipeline* is prospective only ... and because we have stayed the issuance of our mandate in that case to December 24, 1982, ... that decision does not affect the judgment in this case." Also see the Memorandum and Order of Judge Norma L. Shapiro of the United States District Court for the Eastern District of Pennsylvania in the case of *In re Jay Newlin and Carol T. Newlin,* 29 B.R. 781 (Bkrtcy.1983), in which Judge Shapiro determined that the *Northern Pipeline* decision, because of its prospectivity, could have no effect upon an order entered by the bankruptcy judge in January 1982. To the same effect, see *Gray v. Snyder,* 704 F.2d 709, 10 B.C.D. 566 (4th Cir.1983). We further note that our decision today is not inconsistent with *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190 (3d Cir.1983).

Therefore, we shall deny defendant Cohn's motion for reconsideration.

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.