In re UNITY FOODS, INC., Debtor.

In re UNITY NATURAL FOODS OF ROSWELL, INC., Debtor.

In re J.A.T. LIMITED, INC., Debtor.

RIDGEFIELD, INC., A Georgia Corporation, and Rushmore, Inc., A Georgia Corporation, Plaintiffs,

v.

UNITY FOODS, INC., a Georgia Corporation, Joel Tomaselli, and Allen Tenenbaum, Defendants.

Bankruptcy Nos. 83–01728A, 83–01729A and 83–01730A. Adv. No. 83–1064A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Dec. 14, 1983.

John G. Haubenreich, Atlanta, Ga., for plaintiffs.

David G. Bisbee, Bisbee, Parker & Rickertsen, Atlanta, Ga., for defendants.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the motion of the plaintiffs requesting that the Court abstain from taking jurisdiction of the above-referenced adversary proceeding and remand the same to state court. First, the plaintiffs allege that the Court is without jurisdiction to hear the adversary proceeding. Second, the plaintiffs contend that, even if the Court has subject matter jurisdiction, the case would be more properly decided in a state court, and the Bankruptcy Court should abstain from exercising its jurisdiction. For the following reasons, the Court denies the motion to remand.

On January 31, 1983, the plaintiffs filed a complaint in the State Court for Fulton County, State of Georgia, styled as follows: "Ridgefield, Inc. and Rushmore, Inc., Plaintiffs v. Unity Foods, Inc., Joel Tomaselli and Allen Tenenbaum, Defendants." The defendants filed their answer on March 7, 1983, and on April 11, 1983, the above-named debtors filed their voluntary petitions under Chapter 11 of the Bankruptcy Code. Unity Foods, Inc. filed a notice of removal to the Bankruptcy Court on April 26, 1983, and on May 3, 1983, the above-named debtors filed their petition for removal in the Bankruptcy Court.

The plaintiffs filed a motion to remand on May 4, 1983 supplemented by a brief. At the same time, the plaintiffs replied to the debtor-defendant's counterclaim and made a demand for a jury trial. On May 16, 1983, the debtors submitted a brief in opposition to the motion to remand.

The nature of the adversary proceeding is a complaint for monetary damages arising from the defendants' alleged breach of a purchase agreement regarding certain business concerns owned and operated by the plaintiffs and described as the Fulton County Farmers Market and the Toco Hills Farmers Market. The complaint alleges that the plaintiffs agreed to sell and the defendants agreed to buy said property for a purchase price of $350,000.00. The complaint further alleges that the defendants have defaulted on the terms of the agreement and presently owe the plaintiffs $303,-750.00.

In the answer, the defendants allege that the written agreement was not a final expression of the intent of the parties and that a subsequent oral agreement was made. The defendants contend that $107,-000.00 was paid to the plaintiffs under the oral agreement. The defendants seek monetary damages in five counts set forth in the counterclaim. Count I alleges that the plaintiffs breached the oral agreement and are liable to the defendants for an amount greater than $303,000.00. Count II alleges that the plaintiffs were unjustly enriched in the amount of $86,000.00 due to payments by the defendants under the oral agreement. Count III seeks $35,000.00 for breach of warranties of merchantability and fitness for a particular purpose regarding property to be transferred under the agreement. Count IV sets forth a claim for $144,000.00 arising from an alleged breach of a warranty that a certain lease on the Sandy Springs premises would be assignable. Finally, Count V contends that meat leases warranted to be worth $1,400.00 per week were in fact valueless, for which breach the defendants seek $38,000.00.

The Court can quickly dispense with the argument that the Bankruptcy Court is without jurisdiction to hear this lawsuit. Following a survey of the case law, the Court exercises its discretion to resolve this case in the present forum.

## JURISDICTION

The plaintiffs contest the Bankruptcy Court's jurisdiction on the basis of the Supreme Court's holding in *Northern Pipeline Construction Company v. Marathon Pipe Line Company,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Briefly, the plaintiffs' argument is as follows:

[T]he Supreme Court held unconstitutional that section of the Bankruptcy Reform Act codified as § 1471, upon which jurisdiction in this proceeding is based ... There being no other basis for removal jurisdiction over this action in this Court, the holding in *Marathon* requires the remand of this action to the state court. *Marathon, supra; accord, Leasing Service Corporation v. Vaale,* 22 B.R. 348 (Bkrtcy. S.D.N.Y.1982).

While the plaintiffs correctly characterize the *Marathon* decision as holding the transfer of jurisdiction to the Bankruptcy Courts under the Bankruptcy Reform Act of 1978 to be unconstitutional, the plaintiffs have overstated the breadth of the *Marathon* opinion.

As the District Court for the Northern District of Georgia recently held in *Seven Springs Apartments, Phase II v. Calmark Assets (In re Seven Springs Apartments, Phase II),* 34 B.R. 987 at 992 (N.D.Ga.1983), *Marathon* did not overturn the grant of bankruptcy jurisdiction to the District Court by 28 U.S.C. § 1471(a) and (b). Additionally, *Seven Springs* held that the District Court has two other bases of jurisdiction in bankruptcy matters, 28 U.S.C. § 1334[1] and 28 U.S.C. § 1331.[2] *Seven Springs,* at 993, 995. The conclusion that *Marathon* invalidated only 28 U.S.C. § 1471(c), the transfer of bankruptcy jurisdiction from the District Court to the Bankruptcy Court, has been reached by all Courts of Appeals to decide that question. *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,* 709 F.2d 190, 200 (3rd Cir.1983); *White Motor Corporation v. Citibank, N.A.,* 704 F.2d 254, 259–60 (6th Cir.1983); *First National Bank of Tekamah v. Hansen,* 702 F.2d 728, 729 (8th Cir.1983), *cert. denied,* —— U.S. ——, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983); *In re Braniff Airways, Inc.,* 27 B.R. 231 (Bkrtcy.N.D.Tex. 1983), *aff'd,* 700 F.2d 214, 215 (5th Cir.1983). *See also Martin-Trigona v. Smith,* 712 F.2d 1421, 1425–26 (D.C.Cir.1983) (interpreting *Marathon* as dealing with the lack of juris-

diction only in non-Article III Bankruptcy Courts).

Accordingly, the District Court has original jurisdiction of bankruptcy matters. Under a Local Rule adopted in the Northern District of Georgia on December 17, 1982, commonly known as the Emergency Rule, the District Court refers to the Bankruptcy Court "[a]ll cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." Emergency Rule Section (c)(1). The Emergency Rule contains a number of procedural safeguards designed to correct the Constitutional defects, as enumerated in *Marathon,* regarding the transfer of jurisdiction from the District Court to the Bankruptcy Court under § 1471(c).

The District Court for the Northern District of Georgia held in *Seven Springs, supra,* at 996, that the District Court had authority to promulgate the Emergency Rule. The District Court for the Northern District of Georgia upheld the constitutionality of the Emergency Rule in *Pettigrew v. Kutak, Rock & Huie,* 30 B.R. 989 at 995, n. 8 (D.C.N.D.Ga., 1983). Although *Seven Springs* held that the appellants therein lacked standing and failed to prove that their constitutional challenges to the Emergency Rule were ripe—hence the appellate court did not review the holding in *Pettigrew* that the Emergency Rule is constitutional—*Pettigrew* constitutes binding authority for this Court to conclude that jurisdiction of the instant controversy may properly be retained by the Bankruptcy Court.

## ABSTENTION AND REMAND

■ Authority for the Bankruptcy Court to abstain from exercising its jurisdiction to decide a case is provided by Title 28 U.S.C. § 1471(d), which states:

Subsection (b) and (c) of this section do not prevent a district court or a bankruptcy court, *in the interest of justice,*

---

1. "The district courts shall have original jurisdiction, exclusive of the courts of the States, of all matters and proceedings in bankruptcy." 28 U.S.C. § 1334 (1979).

2. "The district courts shall have original jurisdiction of all civil actions ... [arising] under the ... laws ... of the United States." 28 U.S.C. § 1331(a) (1979).

from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise. (Emphasis added).

This Court will abstain from exercising jurisdiction over the instant controversy only if abstention would be "in the interest of justice". The legislative history for § 1471(d) states that

[This] subsection recognizes the exigencies that arise in cases as *Thompson v. Magnolia Petroleum,* 309 U.S. 478 (1940), in which it is more appropriate to have a State court hear a particular matter of State law . . .

H.R.Rep. No. 595, 95th Cong., 1st Sess. 446 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6401. The legislative history states further that:

[O]ccasions arise when determination of an issue is best left to a court that decides similar issues regularly, especially if the issue is one that requires a particular expertise that a bankruptcy court does not have.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 51 (1978), U.S.Code Cong. & Admin.News 1978, p. 6012. Section 1471(d) codifies *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), in which case the Supreme Court held that it is appropriate for a Bankruptcy Court to defer to a state court where the issue involves an unsettled question of state law. The case *sub judice* involves an application of state contract and commercial law which commonly arises in the Bankruptcy Court, as the Bankruptcy Court deals with business debtors on a daily basis. Whereas *Thompson* involved unsettled questions of real property law, this case simply requires the Bankruptcy Court to interpret the bargain between the parties and to assess the damages for any breach thereof as is determined by the application of well-settled state law.

In *In re Lafayette Radio Electronics Corporation,* 8 B.R. 973, 3 C.B.C.2d 804 (Bkrtcy. E.D.N.Y.1981), Judge Parente interpreted *Thompson* and § 1471(d) as follows:

*Thompson* must be considered in light of *Meredith v. City of Winter Haven,* 320 U.S. 228 [64 S.Ct. 7, 88 L.Ed. 9] (1943). Again addressing the question of abstention, the Supreme Court held that ". . . In the absence of some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional cases warrant its non-exercise, it has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment." *Meredith,* 320 U.S. 228 at 234 [64 S.Ct. 7 at 11, 88 L.Ed. 9]. In light of the above principle law, it is clear that *Thompson,* 309 U.S. 478 [60 S.Ct. 628, 84 L.Ed. 876], is an exception to the general rule set down in *Meredith,* 320 U.S. 228 [64 S.Ct. 7, 88 L.Ed. 9].

In support of his interpretation that *Thompson* is an exception to the general rule set down in *Meredith,* Judge Parente cited a subsequent Supreme Court decision:

The submission of special issues is a useful device in judicial administration in such circumstances as existed in the *Thompson v. Magnolia* . . . case, but in the absence of special circumstances, *Meredith,* 320 U.S. at pp. 236, 237 [64 S.Ct. at 11, 12] . . . it is not to be used to impede the normal course of action where federal courts have been granted jurisdiction of the controversy.

*Propper v. Clark,* 337 U.S. 472, 492, 69 S.Ct. 1333, 1344, 93 L.Ed. 1480 (1949); *accord, Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). While Judge Parente acknowledged that *Meredith* involved federal diversity jurisdiction, and *Thompson* involved federal jurisdiction under the Bankruptcy Act, Judge Parente discounted the argument that Bankruptcy Courts should more freely abstain from exercising jurisdiction than should the federal District Courts. The key language in the legislative history of § 1471(d), as quoted in *Lafayette,* is as follows:

... For example, in *Thompson v. Magnolia Petroleum* the Supreme Court required a bankruptcy court to defer to a state court for determination of a particularly *unusual* question of state real property law. The power of abstention is necessary to the effective and meaningful exercise of the expanded jurisdiction granted by this bill. H.R.Rep. No. 95–595, *supra*, at 51 (emphasis added).

*In re Lafayette Radio Electronics Corporation*, 8 B.R. at 976, 3 C.B.C.2d at 808. On the basis of this wording, Judge Parente held that abstention should be exercised only when there are unusual or exceptional circumstances. *Id.*

Some cases discussing abstention suggest that the Bankruptcy Court should abstain from exercising jurisdiction where a state court has greater expertise. See *In re Jewel Terrace Corp.*, 3 B.R. 36, 1 C.B.C.2d 581 (Bkrtcy.E.D.N.Y.1980). In *Jewel Terrace,* the Court stated:

> This Court recognizes the intention of Congress to grant the Bankruptcy Court expanded jurisdiction under the Code, and acts with due deliberation and hesitancy in exercising its discretion to abstain under 28 U.S.C. § 1471(d). The case law and legislative history support the conclusion that where there has been a prior state court proceeding or issues involving state court expertise such as the landlord tenant area, it is proper to defer to the state court.

However, a significant factor in that Court's decision to abstain was the ongoing action in state court. Other courts have based a decision to abstain on the pendency of a similar suit in state court. See *In re Hawaii Mini-Storage Systems, Inc.*, 4 B.R. 489, 1 C.B.C.2d 656 (Bkrtcy.D.Hawaii 1980). Regarding the propriety of the Bankruptcy Court's hearing the landlord-tenant dispute, the Court in *Jewel Terrace* stated:

> [I]f the issue were to be presented *ab initio,* without the involvement of a court of original and competent jurisdiction, this Court would have no hesitancy in presiding over and deciding the issue giv-

ing due consideration to the applicable state and municipal law.

*In the Matter of Jewel Terrace Corp.*, 3 B.R. at 40, 1 C.B.C.2d at 586.

In the case *sub judice,* there are no unusual or exceptional circumstances, such as a pending action in state court, to urge this Court to abstain. Rather, the circumstances of this case encourage this Court to retain jurisdiction. The plaintiffs' claim, if valid, would substantially affect the debtors' formulation of a plan of reorganization. Additionally, the debtors' counterclaim, if determined in the debtors' favor, constitutes a valuable asset in the bankruptcy proceedings. The Court notes that in some instances the Bankruptcy Court may not have jurisdiction of an action which, nonetheless, has a significant impact on the debtor's estate. *First National Bank of Nevada v. John T. Patton, Inc.*, 12 B.R. 470 (Bkrtcy.D.Nev.1981) (debtor may not remove to Bankruptcy Court a state court action between the lender and the debtor's guarantor). However, the Bankruptcy Court has a strong federal interest in maintaining smooth administration of bankruptcy proceedings without interference or delay from litigation in the state court.

The standard set forth in 28 U.S.C. § 1471(d) is that abstention shall be "in the interest of justice". The Court should look at the interest of both the debtor and the creditors. *In re Proper Management and Investment, Inc.*, 19 B.R. 202 (Bkrtcy.M.D. Fla.1982); *In re First Dade Corp.*, 17 B.R. 887 (Bkrtcy.M.D.Fla.1982). The significance of this controversy on the viability of the debtors' reorganization dictates that this Court retain jurisdiction. The only hardship suffered by the plaintiffs is that they may not receive a jury trial in the Bankruptcy Court as requested. See Emergency Rule Section (d)(1)(D).

■ Title 28 U.S.C. § 1478(b) empowers the Bankruptcy Court to remand an action previously removed to the federal forum. This section reads as follows:

> The court to which such claim or cause of action is removed may remand such claim or cause of action *on any equitable*

*ground.* An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise. (Emphasis added).

The applicable standard is that a decision whether or not to remand must be based on equitable grounds. Equitable considerations include: (1) duplicative and uneconomical judicial efforts; (2) interference with the bankruptcy case; and (3) the particular expertise of the court from which the case is removed. *In re Trina-Dee, Inc.,* 14 B.R. 482, 5 C.B.C.2d 290 (Bkrtcy.E.D.Pa. 1981). In *Trina-Dee,* the Bankruptcy Court refused to remand a legal malpractice case. The Court stated:

> Indeed, it was Congress' intent that our jurisdiction should be as broad as logically possible so that we might be able to expedite the entire bankruptcy proceeding without relying on other courts to rule on a claim that could drastically alter the administration of the case or the rehabilitation of the debtor. *See,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 445–447 (1977). That consideration is particularly relevant here; if plaintiffs succeed in this matter, the debtors' estate could benefit greatly, with unknown effect upon the reorganization.

■ The case *sub judice* is analogous to *Trina-Dee* in that both cases involve a cause of action originating under state law, the outcome of which has a large bearing on the debtors' plan of reorganization. Other decisions which have remanded cases to the state court have involved factors not present here. *Hurt v. Cyprus Bank,* 9 B.R. 749, 4 C.B.C.2d 26 (Bkrtcy.N.D.Ga.1981) (retention of the case would frustrate the state court appellate process and violate notions of comity); *In re Tidwell,* 4 B.R. 100, 2 C.B.C.2d 172 (Bkrtcy.N.D.Tex.1980) (remand where the issue has already been tried and decided in state court); *In re Calabria,* 5 B.R. 73, 2 C.B.C.2d 113 (Bkrtcy. D.Conn.1980) (state court is much more able to conduct foreclosure proceedings); *In re Comtek Electronics, Inc.,* 23 B.R. 449, 7 C.B.C.2d 540 (Bkrtcy.S.D.N.Y.1980) (remand proper where action is brought against the non-debtor guarantor of the debtor's debt).

This Court stated in *Hurt v. Cypress Bank,* 9 B.R. at 754, that one of the primary purposes for the broad grant of jurisdiction to the Bankruptcy Court is to achieve judicial economy. The removed cause of action is so closely tied to the debtors' rehabilitation that all matters should be decided by the Bankruptcy Court. As was stated earlier, this Court has accumulated much experience in Georgia contract and commercial law. Regretably, the impaired jurisdiction of this Court does not afford the plaintiffs the right to a jury trial. However, all other considerations weigh in favor of this Court's retaining jurisdiction.

For the foregoing reasons, the motion to abstain or in the alternative to remand the action to state court is hereby DENIED.

IT IS SO ORDERED.