Harry W. PETTIGREW, in the office and capacity of Trustee of Barton & Ludwig, a Georgia General Partnership a/k/a Highway 41 Associates

v.

KUTAK, ROCK & HUIE, a General Partnership, Chandler B. Barton, individually and as general partner of Barton & Ludwig, a Georgia General Partnership a/k/a Highway 41 Associates, Leroy Thomas Ludwig a/k/a Roy Ludwig.

Civ. A. No. C82–1999A.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 15, 1983.

**990**

Harry W. Pettigrew, Pettigrew & Trippe, Atlanta, Ga., for plaintiff.

Paul A. Howell, Jr. and Barclay T. Macon, Jr., Kutak, Rock & Huie, Atlanta, Ga., for Kutak Rock & Huie.

E. Penn Nicholson, Dodd, Driver, Connell & Hughes, Atlanta, Ga., for defendant Chandler B. Barton.

Morris W. Macey, Frank B. Wilensky, Macey & Sikes, Atlanta, Ga., for Ludwig.

## ORDER

RICHARD C. FREEMAN, District Judge.

This adversary proceeding is currently before the court on: (1) the plaintiff's motion for leave to amend the complaint, Rule 15(a), Fed.R.Civ.P.; (2) defendant Barton's motion to dismiss, Rule 12(b)(1), Fed.R. Civ.P.; and (3) the plaintiff's request for reference of this proceeding to the United States Bankruptcy Court for the Northern District of Georgia.

### I. *Factual Background*

Plaintiff is the Chapter 7 Trustee-in-Bankruptcy for the estate of Barton & Ludwig, a Georgia general partnership. The complaint names as defendants C.B. Barton, individually and as a general partner of Barton & Ludwig, a Georgia general partnership; L.T. Ludwig, individually and as a general partner of Barton & Ludwig; and Kutak, Rock & Huie, a general partnership. Plaintiff's complaint is cast in six counts. In Count I, the plaintiff seeks the turnover of a substitute asset by defendant Kutak, Rock & Huie. In Count II, the plaintiff applies for the assumption of an executory contract. In Count III, the plaintiff alleges the assumption of an executory contract. In Count IV, the plaintiff requests the turnover of certain property by defendant Kutak, Rock & Huie. In Count V, the plaintiff demands a determination of the deficiency of the property of the estate of the Barton & Ludwig Partnership "to pay in full all claims allowed in the Barton & Ludwig Partnership case" and a finding that the general partners of the partnership are liable therefor. In Count VI, the plaintiff seeks an order requiring defendant Barton to provide the debtor's estate with in-

demnity for or assurance of payment of such deficiency, or an order enjoining Barton from disposing of any of his individual property, and imposing a lien on specific property belonging to Barton.

At the time the complaint was filed, the plaintiff filed an identical complaint against the same defendants in the United States Bankruptcy Court for the Northern District of Georgia (hereinafter "bankruptcy court case").[1] The bankruptcy court case is presently pending before United States Bankruptcy Judge A.D. Kahn. Plaintiff premises jurisdiction in both complaints on 28 U.S.C. § 1471.

## II. *Plaintiff's Motion for Leave to Amend*

Plaintiff seeks leave to expand the jurisdictional allegation contained in the complaint to include "28 U.S.C. §§ 1331, 1334, 1337, and the Local Rules of this District, and such other law as is applicable." Plaintiff's Motion for Leave to Amend at 2. The motion is unopposed. *See* Local Court Rule 91.2; Response of Defendant, Chandler B. Barton, to Plaintiff's Motion at 3.

Rule 15(a), Fed.R.Civ.P., provides that leave to amend not of right should be "freely given when justice so requires." Amendment should be permitted unless there is good reason for not doing so, such as undue delay, bad faith, or dilatory motive. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In the original complaint, the plaintiff invoked federal jurisdiction under 28 U.S.C. § 1471. Because of the termination of the stay in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.* (hereinafter *"Northern Pipeline"*), —— U.S. ——, 102 S.Ct 2858, 73 L.Ed.2d 598 (1982), and the absence of curative congressional action, the validity of 28 U.S.C. § 1471 is arguably in question. Plaintiff's amended allegation provides alternative jurisdictional grounds upon which

to base jurisdiction over the present lawsuit. Amendment will be permitted.

## III. *Defendant's Motion to Dismiss*

In his motion to dismiss, defendant Barton argues that this court is without subject-matter jurisdiction over this action under either 28 U.S.C. §§ 1471, 1334, 1331, or 1337, and that, therefore, the action should be dismissed. Plaintiff contends that jurisdiction exists over his claim against defendant Barton under 28 U.S.C. §§ 1471, 1334, 1331, and 1337. Furthermore, the plaintiff maintains, the case should be referred to the United States Bankruptcy Court for the Northern District of Georgia pursuant to Rule 53, Fed.R.Civ.P., and the Local Court Rule on the Jurisdiction of the United States Bankruptcy Court (hereinafter "Local Rule") adopted on December 17, 1982.

At the outset, the court observes that although defendant Barton has not directly attacked the validity of the Local Rule, his argument that this court lacks jurisdiction over the present action and the power to refer the action is essentially a challenge to the power of the United States District Court for the Northern District of Georgia to promulgate the Local Rule, which is aimed at supplementing existing law until Congress enacts appropriate remedial legislation in response to the Supreme Court's decision in *Northern Pipeline.* As the plaintiff has aptly stated, defendant Barton maintains "in effect, that *no* court has jurisdiction over this action; and since this court has no jurisdiction, it cannot reference this action . . . ." Trustee's Brief in Reply to Response of Defendant, Chandler B. Barton, at 2. The court rejects the defendant's argument.

In 1978, Congress enacted the Bankruptcy Reform Act (hereinafter "Act").[2] The

---

1. Plaintiff states that two lawsuits were filed due to "the running of the time in which the Trustee could assume an executory contract and the jurisdictional uncertainties caused by the June 28, 1982, decision of the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.* . . . ."

Plaintiff's Brief in Support of Motion for Leave to Amend Jurisdictional Allegation in Complaint at 3 (citations omitted).

2. The legislation was entitled "An Act to Establish a Uniform Law on the Subject of Bankrupt-

Act consists of four titles. Title I provides the substantive bankruptcy law; Title II contains the amendments to Title 28 of the United States Code which accomplish the restructuring of the bankruptcy court system; Title III amends various statutes affecting the administration of bankruptcy; and Title IV includes provisions dealing with the transition period between the Bankruptcy Act of 1898 and the new Act.[3] Section 241(a) of the Act, codified at 28 U.S.C. §§ 1471–1482, creates the jurisdictional and judicial framework within which the bankruptcy court system is to operate.

Section 1471 provides the relevant jurisdictional grant:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

28 U.S.C. § 1471 (citations omitted). Under subsections (a) and (b), bankruptcy jurisdiction is vested initially in the district courts.[4] "That jurisdiction is broken down into two parts: exclusive and original jurisdiction over 'cases under title 11' is vested in the district courts by section 1471(a), while 'original but not exclusive jurisdiction' is vested in the district courts under section 1471(b) of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 1 *Collier on Bankruptcy* ¶ 3.01, at 3–37 (15th ed. 1981). Under subsection (c), the jurisdiction vested in the district courts is assigned to the bankruptcy court. Thus, under the terms of the Act, while jurisdiction lies in the district court, "the ultimate repository of the Act's broad jurisdictional grant is the bankruptcy courts." 1 *Collier on Bankruptcy* ¶ 3.01, at 3–37 (15th ed. 1981) (*cited with approval in Northern Pipeline*, 102 S.Ct. at 2862 n. 3).

In *Northern Pipeline*, the Supreme Court addressed the question whether "assign-

cies." Pub.L. 95–598, 92 Stat. 2549 (1978) U.S. Code Cong. & Admin.News 5787.

3. The Act provides for a transition period. Act §§ 404–411, 92 Stat. 2682–2688. During the transition period, previously existing bankruptcy courts continue in existence. Act § 404(a), 92 Stat. 2683. Incumbent bankruptcy referees, who served six-year terms for compensation subject to adjustment by Congress are to serve as bankruptcy judges until March 31, 1984, or until their successors take office. Act § 404(b), 92 Stat. 2683. During this period, they are empowered to exercise all of the jurisdiction and power granted in section 241(a) of the Act. *See generally* 1 *Collier on Bankruptcy* ¶¶ 7.04–7.05, 7–23 to 7–65 (15th ed. 1981). The procedure for taking appeals is similar to that provided after the transition period. *See* Act § 405(c)(1), 92 Stat. 2685.

4. Section 1471 resulted from the compromise reached at the House-Senate conference immediately preceding passage of the Act. The House bill, H.R. 8200, provided for lifetime tenure as Article III judges for bankruptcy judges; whereas the Senate bill, S.2266, provided that the bankruptcy court is established as an "ad-

junct" of the United States District Court. 1 *Collier on Bankruptcy* ¶ 3.01, at 3–31. Subsections (a) and (b) of section 241(a) were taken word for word from section 216 of S.2266. *Id.* at 3–32. The Senate philosophy prevailed in the statute as enacted. *Id.* at 3–33. The pertinent legislative history of the Senate bill evinces the following intent:

This section amends 28 U.S.C. 1334 relating to the jurisdiction of the U.S. district courts over bankruptcy proceedings. In deference to concern over the splintering of the jurisdiction of the district courts, original and exclusive jurisdiction of all bankruptcy cases shall remain in the district court, and the jurisdiction of the district courts over bankruptcy matters is expanded to include all controversies arising out of or related to a case under title 11. However, a statutory scheme has been adopted whereby the totality of this jurisdiction, subject only to the exceptions set forth in subjection (d) of this section, shall be exercised by the bankruptcy court which is erected as an adjunct of each U.S. district court.

S.Rep. No. 989, 95th Cong., 1st Sess. 153–54 (1978), U.S.Code Cong. & Admin.News 1978, p. 5939.

ment by Congress to bankruptcy judges of the jurisdiction granted in § 241(a) of the Bankruptcy Act of 1978, 28 U.S.C. § 1471, ... violates Art. III of the Constitution." *Northern Pipeline,* 102 S.Ct. at 2862. In deciding this question, Justice Brennan, writing for a plurality of four justices, first analyzed whether pursuant to its enumerated Article I powers, Congress could establish legislative courts that had jurisdiction to decide cases to which the Article III judicial powers of the United States extends. Finding no exceptional grant of power bestowed upon Congress by the Constitution or by historical consensus, Justice Brennan ruled that Article III bars the establishment of legislative courts to exercise jurisdiction over all matters related to those arising under the bankruptcy laws. Second, the Court considered whether the "adjunct" judicial framework created by Congress in the Act is consistent with the principle that the judicial power of the United States must be vested in Article III courts. Because, under the Act, the "adjunct" bankruptcy courts exercised powers far greater than those lodged in the adjunct courts approved in *Crowell v. Benson,* 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932), and *United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), the Court concluded that:

> § 241(a) ... has impermissibly removed most, if not all, of "the essential attributes of the judicial power" from the Art. III district court, and has vested those attributes in a non-Art. III adjunct. Such a grant of jurisdiction cannot be sustained as an exercise of Congress' power to create adjuncts to Art. III courts.

*Northern Pipeline,* 102 S.Ct. at 2879–2880.

Justices Rehnquist and O'Connor concurred in the plurality's judgment but disagreed that the question presented for review was as broad as that enunciated by the plurality. They reasoned that appellee

Marathon Pipe Line Company had not been subjected to the full range of authority granted bankruptcy courts by section 241(a). It had been named as a defendant in a suit in which the plaintiff sought damages for, *inter alia,* breaches of contract and warranty. Thus, they found "so much of the Bankruptcy Act of 1978 as enables a Bankruptcy Court to entertain and decide [the plaintiff's] lawsuit over Marathon's objection to be violative of Art. III of the United States Constitution." *Id.* 102 S.Ct. at 2880.

In this court's view, the plurality opinion in *Northern Pipeline* stands for the proposition that non-Article III bankruptcy judges cannot constitutionally be vested with jurisdictional power to decide state common-law claims brought pursuant to the Act and related only peripherally to a bankruptcy case adjudicated under federal law. *Accord In re: Matlock Trailer Corp.,* 27 B.R. 318 at 322 (D.C.M.D.Tenn.1983). While the Court in *Northern Pipeline* concluded that section 241(a) impermissibly removed the essential attributes of the judicial power from the Article III court and vested those attributes in a non-Article III adjunct, the Court clearly found that jurisdiction was first vested in the Article III district court pursuant to subsections 1471(a) and (b). The Court "expressed no disapproval of this grant of jurisdiction to the district court." *In re: Braniff Airways, Inc.,* 27 B.R. 231 at 233 (D.C.N.D.Tex.1983), *aff'd,* 700 F.2d 214 (5th Cir.1983) (per curiam). Furthermore, although the Court ruled that it could not simply remove jurisdiction of bankruptcy courts over state-law claims while leaving intact the remaining grant of jurisdiction over all matters related to cases under title 11 of the United States Code, *Northern Pipeline,* 102 S.Ct. at 2880 n. 4, nothing in the plurality's opinion suggests, as the defendant has argued, that jurisdiction in bankruptcy matters is now vested in no court at all.[5]

---

5. In footnote 40 of *Northern Pipeline,* Justice Brennan observed:

> It is clear that, at the least, the new bankruptcy judges cannot constitutionally be vested with jurisdiction to decide this state-law contract claim against Marathon. As part of the comprehensive restructuring of the bankruptcy laws, Congress has vested jurisdiction

■ Thus, the court finds that bankruptcy jurisdiction over the present case may be invoked pursuant to 28 U.S.C. § 1471(a) and (b). Nevertheless, in light of the debate surrounding the continued existence of bankruptcy jurisdiction since *Northern Pipeline*,[6] the court will proceed to consider the plaintiff's contention that jurisdiction also lies under 28 U.S.C. §§ 1334 and 1331.[7]

Section 1334 of the United States Code provides that: "The district courts shall have original jurisdiction, exclusive of the states, of all matters and proceedings in bankruptcy." Under the Act, section 1334 was amended to grant appellate jurisdiction to the district courts from final judgments, orders, and decrees of bankruptcy courts. Congress intended that during the transition period between the applicability of the Bankruptcy Act of 1898 and the new Act, the old versions of 28 U.S.C. § 1334 remain in full force and effect until April 1, 1984. *See* Act §§ 404, 405, 92 Stat. 2549, 2683–85 (1978); 1 *Collier on Bankruptcy* ¶¶ 7.04–7.05 (15th ed. 1981). Thus, this court retains original jurisdiction over the present case under old 28 U.S.C. § 1334. *Accord In re: Braniff Airways, Inc.,* 27 B.R. 231 (D.C.N.D. Tex.1983), *aff'd,* 700 F.2d 214 (5th Cir.1983) ("jurisdictional grant of 28 United States

over this and all matters related to cases under title 11 in a single non-Art. III court, and has done so pursuant to a single statutory grant of jurisdiction. In these circumstances we cannot conclude that if Congress were aware that the grant of jurisdiction could not constitutionally encompass this and similar claims, it would simply remove the jurisdiction of the bankruptcy court over these matters, leaving the jurisdictional provision and adjudicatory structure intact with respect to other types of claims, and thus subject to Art. III constitutional challenge on a claim-by-claim basis. Indeed, we note that one of the express purposes of the Act was to ensure adjudication of all claims in a single forum and to avoid the delay and expense of jurisdictional disputes. See H.R.Rep. No. 95–595, *supra,* pp. 43–48; S.Rep.No. 95–989, p. 17 (1978). Nor can we assume, as THE CHIEF JUSTICE suggests, *post,* at 2, that Congress' choice would be to have this case "routed to the United States district court of which the bankruptcy court is an adjunct." We think that it is for Congress to determine the proper manner of restructuring the Bankruptcy Act of 1978 to conform to the requirements of Art. III, in the way that will best effectuate the legislative purpose.

102 S.Ct. at 2880 n. 40. This observation does not support the view that the jurisdictional grant contained in section 241(a) of the Act is unconstitutional in its entirety. *See In re: Matlock Trailer Corp.,* 27 B.R. 318 at 323 n. 11 (D.C.M.D.Tenn.1983). Justice Brennan's statement that Congress has confided jurisdiction over this and all related bankruptcy matters in a single non-Article III court pursuant to a "single statutory grant of jurisdiction" relates only to the assignment of jurisdiction made in 28 U.S.C. § 1471(c). *See In re Braniff Airways, Inc.,* 27 B.R. 231 at 234 (D.C.N.D.Tex.1983). As Judge Mahon noted in *In re Braniff Airways, Inc.,* the

Court's conclusion that at least some of the "related to" matters must be heard by an Art. III court meant that the words "all of the jurisdiction [set forth in 28 U.S.C. § 1471(c) ] contain both constitutional and unconstitutional grants of jurisdiction to the bankruptcy courts. Thus, an attempt to separate and remove the unconstitutional part of the bankruptcy court's jurisdiction would be no easy feat.... The difficulty was not in separating § 1471(c) from § 1471(a) and (b) but in separating jurisdiction over "this case," *i.e.* a case like *Marathon,* requiring an Art. III court, from the other appropriate jurisdiction of the bankruptcy court over non-Art. III matters, all of which were combined in the words "all of the jurisdiction" in 28 U.S.C. § 1471(c). *Id.* at 234. Thus, Judge Mahon similarly held that the Court in *Northern Pipeline* found only 28 U.S.C. § 1471(c) to be unconstitutional.

6. The federal appellate courts and district courts that have considered this question have agreed that 28 U.S.C. § 1471(a) and (b) of the Act, which vest jurisdiction in the district courts, remain intact after *Northern Pipeline. See, e.g., In re: Braniff Airways, Inc.,* 27 B.R. 231 (D.C.N.D.Tex.1983), *aff'd,* 700 F.2d 214 (5th Cir.1983) (per curiam); *In re: Matlock Trailer Corp.,* 27 B.R. 318 (M.D.Tenn.1983). Several bankruptcy judges have, however, found that the district courts possess no jurisdiction over bankruptcy cases or proceedings under 28 U.S.C. § 1471(a) and (b). *See, e.g., In re: Jorges Carpet Mills, Inc.,* 27 B.R. 333 (D.C. E.D.Tenn.1983) (Kelley, B.J.); *In re Track Records, Inc.,* No. 81–03892A (D.C.N.D.Ga. August 30, 1982) (Norton, B.J.). This court adheres to the view of the federal appellate and district courts.

7. Because the court finds that 28 U.S.C. § 1334, and § 1331 provide alternative jurisdictional bases upon which to exercise jurisdiction over the present action, the court will not reach the plaintiff's assertion that jurisdiction also exists under 28 U.S.C. § 1337.

Code § 1334 remains effective during the transitional period"); *In re: Matlock Trailer Corp.,* 27 B.R. 318 (D.C.M.D.Tenn.1983); *In re: Northland Point Partners,* 26 B.R. 1019 (D.C.E.D.Mich.1983).

Section 1331 of the United States Code provides that: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In the present case, the plaintiff's claim against defendant Barton is predicated on 11 U.S.C. § 723, which specifies that each general partner of a partnership debtor is liable to the partnership's trustee for any deficiency of partnership property to pay in full all administrative expenses and all claims against the partnership. Because the plaintiff's claim against Barton is a cause of action arising under federal law, it falls within federal question jurisdiction.

In sum, the court concludes that jurisdiction over this action exists under 28 U.S.C. §§ 1471, 1334, and 1331. Defendant Burton's motion to dismiss will be denied.

IV. *Plaintiff's Request for Reference of the Present Action*

▮ Plaintiff requests that the present action be referenced to United States Bankruptcy Judge A.D. Kahn of the United States Bankruptcy Court for the Northern District of Georgia before whom the bankruptcy court case is pending. Pursuant to

the Local Rule,[8] the court will grant the plaintiff's request.

Accordingly, the plaintiff's motion for leave to amend the complaint is GRANTED. Defendant Barton's motion to dismiss is DENIED. Plaintiff's request for reference of this proceeding to Judge A.D. Kahn of the United States Bankruptcy Court for the Northern District of Georgia is GRANTED.

---

8. The promulgation of the Local Rule providing for such reference is valid. The court bases this conclusion on several grounds. First, as the court concluded *supra,* the district courts have jurisdiction over bankruptcy cases and proceedings, and, therefore, may refer these actions to the bankruptcy court. Second, under 11 U.S.C. § 105(a), *as amended by* Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 101, 92 Stat. 2549, 2555 (1978), the "bankruptcy court may issue any order ... necessary or appropriate to carry out the provisions of ... title [11]." As provided in section 404(a) of the Act, federal district courts are included in the definition of bankruptcy courts. *See* Act § 404(a), 92 Stat. at 2683. The Local Rule, promulgated in an attempt to carry out congressional intent, is valid under this congressional grant of authority. Third, Bankruptcy Rule 927, continued for the interim period, October 1, 1979, through March 31, 1984, *see* Act, §§ 402(b) and 404, 92 Stat. 2549, 2682–83

(1978), authorizes adoption of Local Rules establishing court procedures. The Local Rule is, under this rule, a valid exercise of the court's power to control procedure in the trial court. Fourth, 28 U.S.C. § 2071 states that courts may enact rules under which to conduct their business. Under this statutory provision, the Local Rule embodies an attempt effort to administer court business properly brought before the court. Finally, there has long been recognized an inherent equitable power of Article III courts "to provide themselves with appropriate instruments required for the performance of their duties." *Ex Parte Peterson,* 253 U.S. 300, 312, 40 S.Ct. 543, 547, 64 L.Ed. 919 (1919). In the Act, Congress has provided a federal scheme whereby bankruptcy disputes can be brought to just conclusions. The Local Rule fulfills the salutary purpose of assuring effective and expeditious administration of justice in bankruptcy disputes.